UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SHELRINA DINGESS,**

    **Plaintiff,**

    v.

**HOCKING COUNTY PROSECUTOR,**
*et al.*,

    **Defendants.**

Case No. 2:24-cv-1381
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

## ORDER

This matter is before the Court on a Motion to Dismiss filed by Defendants Linda Olvera and Theresa Johnson (Olvera Mot., ECF No. 9) and on a Motion to Dismiss filed by Defendant Hocking County Prosecutor (Prosecutor Mot., ECF No. 13). For the reasons stated below in this Order, the Court **GRANTS** both Motions and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against all Defendants.

## BACKGROUND

Plaintiff Shelrina Dingess, proceeding *pro se*, filed a Complaint against Defendants in March 2024, claiming that children were removed from her home in 2016, among other allegations. (Compl., ECF No. 1, PageID 3.) Plaintiff does not discernably claim any familial relationship with the children or identify who removed them. (*See id.*) She alleges that a state court Magistrate ordered her and "mother Christina Lutz to view and make copies but they were missing," not identifying what items in question were missing. (*Id.*) Further, she generally alleges Defendants "covered up sexual, physical, mental abuse to daughter stating Plaintiff made false allegations," and "abused position of power to kidnap children." (*Id.*) She states generally

"discrimination, intimidation, harassment, doctored docs," and "taking advantage of persons on disability." (*Id.*) And she alleges the Prosecutor "denied charges on perpetrator before Sheriff interviewed him during sexual abuse investigation." (*Id.*)

Plaintiff checked a box on the Complaint form identifying her case as a civil rights lawsuit brought under 28 U.S.C. § 1343(3). (*Id.*, PageID 2.) She does not otherwise identify any law, case law, or cause of action in her Complaint. Plaintiff requests "compensation and jail time for pain and suffering as well as losses of home, mental trauma it caused to the children involved." (*Id.*, PageID 4.)

Defendants Olvera and Johnson moved to dismiss under Rules 12(b)(1), (2), (4), (5), and (6) of the Federal Rules of Civil Procedure. (Olvera Mot., PageID 325.) Defendant Hamilton County Prosecutor separately moved to dismiss under Rule 12(b)(6). (Prosecutor Mot., PageID 347.) Plaintiff did not file a response to either Motion.

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Federal subject matter jurisdiction "can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

A court may dismiss an action under Rule 12(b)(1) when the court lacks subject matter jurisdiction. When a defendant challenges a complaint on its face under this rule, as Defendants Olvera and Johnson do here, the defendant challenges "the sufficiency of the pleading itself." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "On such a motion, the court must take

2

the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Id.* "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Further, "a district court may, at any time, . . . dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). In other words, dismissal may be appropriate where the plaintiff's claims "lack the legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.*

Courts also may dismiss an action for failure to state a claim upon which relief can be granted under Rule 12(b)(6). To state a claim upon which relief may be granted, a plaintiff must satisfy the pleading requirements set forth in Rule 8(a). Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. (clarifying the plausibility standard articulated in *Twombly*). Furthermore, "[a]lthough for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint as true, '[the court is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 677–79 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

## ANALYSIS

### I. Plaintiff fails to demonstrate this Court's subject matter jurisdiction.

In her Complaint, Plaintiff alleges that she suffered several wrongs. But even construing all her allegations as true, none of her assertions cohere into an identifiable cause of action against Defendants. Accordingly, the Court does not have subject matter jurisdiction over this case.

Plaintiff does not demonstrate the existence of a question of federal law necessary to establish this Court's federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff asserts that children were removed from her home, but she does not identify her relationship with the children or explain any other circumstances about the removal. (Compl., PageID 3.) Further, her allegation that "Magistrate Joseph Nemec" ordered her to view certain items (presumably documents relating to another court case) but that they were "missing" provides no facts for this Court to understand the context of her assertions. (*Id.*) Additionally, Plaintiff makes other accusations, such as a cover up of abuse, kidnapping, discrimination, and harassment, without any facts to clarify what happened or to explain Defendants' involvement in those acts. (*Id.*) Similarly, Plaintiff asserts that "[p]rosecutor denied charges on perpetrator before Sheriff interviewed him," but she fails to allege any relevant facts for this Court to understand what cause of action she is pursuing. (*Id.*) Finally, other than checking a box indicating that this Court has subject matter jurisdiction under 28 U.S.C. § 1343(3), Plaintiff does not indicate what rights were deprived or what federal law or constitutional provision was violated. Ultimately, Plaintiff's Complaint lacks the relevant dates, actors, legal citations, and factual circumstances necessary for this Court to understand what federal causes of action she intends to bring.

Further, Plaintiff has not asserted or demonstrated the existence of diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff declined to check the box for diversity jurisdiction on her

4

Complaint form (*see* Compl., PageID 2), but even if she had, she does not assert diversity of citizenship among the parties. Plaintiff indicates she is a resident of Ohio and that Defendants Olvera and Johnson are also residents of Ohio. (*Id.*)

Accordingly, Plaintiff has not met her burden to demonstrate the existence of federal subject matter jurisdiction. Although only Defendants Olvera and Johnson, and not Defendant Hocking County Prosecutor, assert that Plaintiff failed to demonstrate this Court's subject matter jurisdiction under Rule 12(b)(1), this court "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to" that rule. *Apple*, 183 F.3d at 479. The Court concludes that Plaintiff has failed to demonstrate this Court's subject matter jurisdiction, and the Court thus **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against all Defendants.

Defendants Olvera and Johnson also move for dismissal under Rule 12(b)(2), citing a lack of personal jurisdiction. (Olvera Mot., PageID 329.) Their main concern is inadequate service of process under Rule 4. They also raise service issues in their argument for dismissal under Rules 12(b)(4) (insufficient process) and 12(b)(5) (insufficient service of process). (*Id.*, PageID 328.) The record reflects no proof of service. Because this Court determines that dismissal is warranted under Rule 12(b)(1) for a lack of subject matter jurisdiction, the Court need not address service of process issues. *See Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) (holding that "there is no unyielding jurisdictional hierarchy" and "customarily, a federal court first resolves doubts about its jurisdiction over the subject matter").

II. **Plaintiff fails to state a claim upon which relief can be granted.**

Defendant Hocking County Prosecutor moved to dismiss only under Rule 12(b)(6). Even if the Court had subject matter jurisdiction over this matter, her claims would be subject to dismissal for failure to state a claim under Rule 12(b)(6). As the Court found above in this Order,

5

Plaintiff's accusations lack the factual context necessary for the Court to understand the nature of her claims. Plaintiff's allegations are mostly conclusory statements about kidnapping, discrimination, intimidation, and other illegal acts. (*See* Compl., PageID 3.) The facts asserted by Plaintiff do not come together into tangible allegations for the Court to consider.

Defendants Olvera and Johnson urge this Court to enter a dismissal with prejudice. (Olvera Mot., PageID 330–31.) Given Plaintiff's *pro se* status and the fact she has not yet attempted to file an amended complaint, this Court declines to enter a dismissal with prejudice. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted))).

## CONCLUSION

For the reasons stated in this Order, the Court **GRANTS** Defendants Olvera and Johnson's Motion to Dismiss (ECF No. 9) and **GRANTS** Defendant Hocking County Prosecutor's Motion to Dismiss (ECF No. 13). The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Defendants. Additionally, the Court **DENIES AS MOOT** Plaintiff's Motion to receive electronic notifications. (ECF No. 2.)

The Clerk is **DIRECTED** to enter judgment and to terminate this case on the Court's docket.

**IT IS SO ORDERED.**

12/16/2024　　　　　　　　　　　　　　　　s/Edmund A. Sargus, Jr.
**DATE**　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**